UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID WAYNE SAGEBARK, JR.,<br><br>Defendant. | NO. CR23-097-JHC<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

THIS MATTER comes before the Court on the United States' Motion for Preliminary Order of Forfeiture (the "Motion") seeking to forfeit, to the United States, Defendant David Wayne Sagebark's interest in the following property:

a. One Springfield Armory 9mm semiautomatic pistol, bearing serial number BA599199, along with associated ammunition and two magazines, seized from Defendant's person on May 10, 2023.

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of a Preliminary Order of Forfeiture is appropriate because:

- On October 21, 2024, Defendant pleaded guilty to *Possession of a Controlled Substance with Intent to Distribute*, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), as charged in Count 1 of the Superseding

1  Information, and *Drug User in Possession of a Firearm*, in violation of 18
2  U.S.C. § 922(g)(3), as charged in Count 2. Dkt. Nos. 35, 39.

- In his Plea Agreement, Defendant agreed to forfeit his interest in any property that facilitated or constituted proceeds of his commission of *Possession of a Controlled Substance with Intent to Distribute* (Count 1), pursuant to 21 U.S.C. § 853, including the above-identified property. Dkt. No. 39, ¶ 13.

- In his Plea Agreement, Defendant agreed to forfeit his interest in any firearms and associated ammunition involved in his commission of *Drug User in Possession of a Firearm* (Count 2), pursuant to 18 U.S.C. § 924(d), by way of 28 U.S.C. § 2461(c), including the above-identified property. *Id*.

- The above-identified property is forfeitable pursuant to 21 U.S.C. § 853 as property that facilitated Defendant's commission of *Possession of a Controlled Substance with Intent to Distribute* (Count 1).

- The above-identified property is forfeitable pursuant to 18 U.S.C. § 924(d), by way of 28 U.S.C. § 2461(c), as property that was involved in Defendant's commission of *Drug User in Possession of a Firearm*.

NOW, THEREFORE, THE COURT ORDERS:

1) Pursuant to 21 U.S.C. § 853, and 18 U.S.C. § 924(d), by way of 28 U.S.C. § 2461(c), and his Plea Agreement, Defendant's interest in the above-identified property is fully and finally forfeited, in its entirety, to the United States;

2) Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) – (B), this Preliminary Order will be final as to Defendant at the time he is sentenced, it will be made part of the sentence, and it will be included in the judgment;

3) The United States Department of Justice, the Federal Bureau of Investigation (FBI), and/or their authorized agents or representatives, shall maintain the property in their custody and control until further order of this Court;

4) Pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and its intent to dispose of the property as permitted by governing law. The notice shall be posted on an official government website – currently www.forfeiture.gov – for at least thirty (30) days. For any person known to have alleged an interest in this property, the United States shall, to the extent possible, provide direct written notice to that person. The notice shall state that any person, other than Defendant, who has or claims a legal interest in the property must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

    a. shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property;

    b. shall be signed by the petitioner under penalty of perjury; and,

    c. shall set forth the nature and extent of the petitioner's right, title, or interest in the property, as well as any facts supporting the petitioner's claim and the specific relief sought.

5) If no third-party petition is filed within the allowable time period, the United States shall have clear title to the property, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2);

6) If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues it presents, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and,

7) The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED.

DATED this 2nd day of December, 2024.

_____
JOHN H. CHUN
UNITED STATES DISTRICT JUDGE